**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PERNELL ROBERT SMITH | : | |
| | : | |
| Appellant | : | No. 967 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003507-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PERNELL ROBERT SMITH | : | |
| | : | |
| Appellant | : | No. 968 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003508-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PERNELL ROBERT SMITH | : | |
| | : | |
| Appellant | : | No. 969 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003678-2021

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
    v.    :
    :
    :
PERNELL ROBERT SMITH    :
    :
    Appellant    :    No. 970 MDA 2023

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002868-2022

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:    **FILED OCTOBER 22, 2024**

Pernell Robert Smith appeals from the judgment of sentence of three to six years of incarceration imposed after he pled guilty to four theft and fraud related criminal charges across the four dockets listed in the caption. Before this Court, William Bispels, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We previously recounted the background of this matter as follows:

> [T]he parties negotiated a plea whereby the Commonwealth withdrew thirteen charges in exchange for Appellant's plea. The trial court confirmed with Appellant that he filled out a guilty plea colloquy form in each case with his attorney, followed by a plea colloquy. Appellant agreed with the Commonwealth's factual summary to support the four charges and confirmed that he wished to proceed to sentencing without the benefit of a pre-sentence investigation report.

. . . .

The trial court then imposed the agreed-upon aggregate sentence of three to six years of incarceration [on the same day]. On June 1, 2023, Appellant filed an untimely post-sentence motion with an accompanying request to reinstate the rights *nunc pro tunc*. Within, Appellant's plea counsel asserted that Appellant "contacted me on May 30, 2023" with a request "to assert his post-sentence rights and request a reconsideration of sentencing." Motion, 6/1/23, at unnumbered 1. The trial court granted the request [to reinstate the rights *nunc pro tunc*]. Notwithstanding the representation that Appellant solely intended to seek reconsideration of his sentence, the filing sought to withdraw Appellant's guilty plea and proceed to trial. Appellant asserted that he suffered manifest injustice because his plea was "not tendered knowingly, intelligently, voluntarily, and understandingly." Post-Sentence Motion, 6/1/23, at unnumbered 1 (citation omitted). Separately, despite accepting a negotiated sentence, Appellant asked the court to reconsider his sentence.

***Commonwealth v. Smith***, 2024 WL 3441408, at *1 (Pa.Super. 2024) (non-precedential decision).

The court conducted a hearing on the post-sentence motion on June 26, 2023. There, Appellant's counsel asserted that she had not been provided with any information from Appellant beyond simply his desire to withdraw the plea. ***See*** N.T. Hearing, 6/26/23, at 3. When questioned by the court, Appellant indicated that he was dissatisfied with the sentence he received, believing it should have been shorter due to the circumstantial nature of the Commonwealth's evidence. ***Id***. at 4-5. The court took the matter under advisement and ultimately denied relief by order entered that same day.

Appellant timely appealed in each case and complied with the trial court's directive to submit a statement of errors pursuant to Pa.R.A.P.

1925(b), and the court authored a responsive Rule 1925(a) opinion. In this Court, Appellant's counsel filed an initial ***Anders*** brief and petition to withdraw. However, we noted that the record lacked the transcript for the hearing on the post-sentence motion, which prohibited both counsel and this Court from performing a complete independent review of the record. Accordingly, we remanded for counsel to procure the transcript and file a new brief, retaining panel jurisdiction.[1]

Counsel complied with our mandate on remand and has filed a new ***Anders*** brief and application to withdraw. This matter is now ripe for review. The following legal principles apply to our consideration of counsel's ***Anders*** brief and application:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's

---

[1] We also entered an order consolidating these matters pursuant to Appellant's request.

petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once we conclude that counsel fulfilled all these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*).

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the requirements set forth above. Counsel provided an appropriate summary of the facts and procedural history. ***See Anders*** brief at 9-12. Further, he supplied the brief to Appellant and advised him of his right to hire new counsel or proceed *pro se* in this Court. The brief stated that the appeal is frivolous and presented its reasons. Additionally, Appellant filed a *pro se* response to Attorney Bispel's letter, wherein he alleges that (1) his plea was not voluntary because his trial attorney indicated that she could not "beat" the four cases,

and (2) trial counsel provided ineffective assistance for several reasons, including failing to file a suppression motion. *See generally* Response to *Anders* brief, 10/1/24.

Hence, we proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5). However, we note that "when an appellant, either acting *pro se* or through private counsel, files a response to the *Anders* brief, our independent review is limited to those issues raised in the *Anders* brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief." *Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa.Super. 2015) (cleaned up).

Counsel discusses two issues that would arguably support an appeal. The first is whether the court erred in denying Appellant's post-sentence request to withdraw his guilty plea. *See Anders* brief at 14-16. The second concerns the discretionary aspects of Appellant's sentence. *Id*. at 16-17. We consider each contention in turn.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa.Super. 2017) (citation omitted). Further,

> [w]hen a defendant seeks to withdraw a plea after sentencing, he
> must demonstrate prejudice on the order of manifest injustice.

We explained that a defendant may withdraw his guilty plea after sentencing "only where necessary to correct manifest injustice." Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Id*. at 664-65 (cleaned up).

In the ***Anders*** brief, counsel offered the following rationale as to why this claim could not succeed:

The transcript of the plea colloquy in this case demonstrates that [A]ppellant knowingly, voluntarily, and intelligently entered his guilty plea. This plea colloquy was also read to [A]ppellant by his attorney before the hearing to ensure that he understood everything contained in the colloquy. During the hearing, the charges were outlined by the [c]ourt with the maximum sentences and fines detailed. [A]ppellant answered in the affirmative when asked whether he was pleading to those charges as detailed. The factual basis for each charge was also established by the court in detail. When asked whether he was pleading guilty because he committed the acts outlined in the facts, [A]ppellant answered in the affirmative. [A]ppellant answered in the affirmative when asked both whether he understood that he had a right to trial by jury and that he was presumed innocent until found guilty.

At the hearing on Appellant's post-sentence motion, Appellant offered no testimony which would establish his right to withdraw his guilty plea and/or to have his sentences modified.

Taken together, the totality of the circumstances indicates that [A]ppellant entered a knowing, voluntary, and intelligent guilty plea and [A]ppellant has not provided any argument to refute this. Therefore, there was no manifest injustice regarding the entering of the guilty plea and the trial court did not err in denying [Appellant]'s request to vacate his guilty plea.

*Anders* brief at 15-16 (some capitalization altered).

In his *pro se* response, Appellant cursorily discusses his guilty plea, suggesting that he only entered it because his trial attorney indicated that she could not defend all the cases. *See* Response to *Anders* brief, 10/1/24, at ¶3. He also reiterates his belief that the Commonwealth's evidence against him was circumstantial and weak, lacking definitive video evidence of any crime. *Id*. at ¶4.

Upon review of the arguments raised by Appellant, we agree with counsel that this issue is wholly devoid of merit. The record contains no support for the notion that Appellant's plea was invalid. On the contrary, he pled guilty to the four offenses in question knowingly and voluntarily after a thorough and comprehensive colloquy. Further, at the hearing on the post-sentence motion to withdraw the guilty plea, Appellant did no more than express his dissatisfaction with the agreed-upon sentence and his belief that the Commonwealth would not have met its burden had the case proceeded to trial. He merely reiterates the same in his response to counsel's *Anders* brief. In short, he has fallen far short of demonstrating that withdrawal was "necessary to correct manifest injustice." *Hart*, 174 A.3d at 664. *See also Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa.Super. 2003) ("A defendant's disappointment in the sentence imposed does not constitute manifest injustice." (citation omitted)).

The next issue of arguable merit identified by counsel concerns the length of the sentence imposed. We dispose of this claim because, as counsel notes, Appellant may not challenge the discretionary aspects of an agreed-upon sentence. *See Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa.Super. 2017) (reiterating that when "the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence"). This is so because "[p]ermitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process." *Id*. (citation omitted). Therefore, counsel correctly identifies that this claim is entirely without merit.

The only remaining issue raised by Appellant in his response to the *Anders* brief concerns his attack on the efficacy of plea counsel. *See* Appellant's Response to *Anders* brief, 10/1/24, at ¶¶3-4 (accusing counsel of purporting to be unable to defend the cases and ignoring a request to file a motion to suppress evidence). This Court has summarized the appropriateness of reviewing such allegations under these circumstances:

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 ([Pa.] 2013). Instead, such claims are to be deferred to PCRA review. However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where

> (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. More recently, our Supreme Court adopted a third exception, which requires trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Commonwealth v. James*, 297 A.3d 755, 760-61 (Pa.Super. 2023) (cleaned up).

The record does not indicate that Appellant expressly waived his entitlement to seek PCRA review or that he is statutorily precluded from obtaining such review. Furthermore, he has not convinced us from his bald statements that plea counsel's conduct would constitute "extraordinary circumstances" or ineffectiveness that is "apparent from the record." *Id*. Since Appellant has not satisfied any of the above exceptions, these claims are deferred to collateral review. *See Holmes*, 79 A.3d at 563 ("[W]e hold that [the] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel[.]").

Based on the foregoing, we agree with Attorney Bispels that the instant appeal is wholly frivolous and, accordingly, grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application of William Bispels, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/22/2024</u>